## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Imation Corporation, a Delaware corporation, | Civil No. 07-3668 (DWF/AJB) |
| Plaintiff, | |
| v. | **ORDER** |
| Koninklijke Philips Electronics N.V., a foreign corporation; U.S. Philips Corporation, a New York corporation; and Philips Electronics North America Corporation, a Delaware corporation, | |
| Defendants; | |
| and | |
| Koninklijke Philips Electronics N.V., a foreign corporation; U.S. Philips Corporation, a New York corporation; and Philips Electronics North America Corporation, a Delaware corporation, | |
| Counterclaim and Third-Party-Claim Plaintiffs, | |
| v. | |
| Imation Corp., | |
| Counterclaim Defendant; | |
| and | |
| Moser Baer India Limited; Global Data Media FZ-LLC; MBI International FZ-LLC; MBI International Services Private Limited; MBI India Marketing Private Limited; Glyphics Media Inc.; and Memorex International Products, Inc., | |
| Third-Party Defendants. | |

_____

B. Todd Jones, Esq., Richard M. Martinez, Esq., Jennifer L. McKenna, Esq., Ronald J. Schutz, Esq., Allen A. Slaughter, Jr., Esq., and Amy N. Softich, Esq., Robins Kaplan Miller & Ciresi LLP, counsel for Imation Corp., Glyphics Media Inc., Global Data Media FZ-LLC, MBI India Marketing Private Limited, MBI International FZ-LLC, MBI International Services Private Ltd., and Memorex International, Inc.

Garrard Beeney, Esq., Adam R. Brebner, Esq., Marc De Leeuw, Esq., and Jessica Klein, Esq., Sullivan & Cromwell LLP; and Laura L. Myers, Esq., Kurt J. Niederluecke, Esq., and Darren B. Schwiebert, Esq., Fredrikson & Byron, PA, counsel for Koninklijke Philips Electronics N.V., U.S. Philips Corporation, and Philips Electronics North America Corporation.

Sonya R. Braunschweig, Esq., and Alan L. Kildow, Esq., DLA Piper US LLP; Jeffrey G. Randall, Esq., and Albert L. Hogan, III, Esq., Skadden, Arps, Slate, Meagher & Flom; and Jennifer B. Benowitz, Esq., and Justin H. Perl, Esq., Maslon Edelman Borman & Brand, LLP, counsel for Moser Baer India Limited.

_____

## INTRODUCTION

This matter is before the Court on Imation Corp.'s Motion for Certification Under Rule 54(b) and Moser Baer India Limited's Motion for Certification Under Rule 54(b) as to this Court's Memorandum Opinion and Order dated November 26, 2008 (Doc. No. 204). For the reasons stated below, the Court grants the motions.

## BACKGROUND

Imation sued Philips for declaratory judgment, seeking an interpretation of its rights under a 1995 Patent Cross-License Agreement for Optical and Magneto-Optical Information Storage and Retrieval Technology (the "CLA") that it was party to along with Philips. Imation sought, in part, a declaration that its subsidiaries (in particular Memorex Products, Inc. ("Memorex") and GDM Data Media FZ-LLC ("GDM")) are properly operating under the CLA. Philips filed counterclaims against Imation and

third-party claims against Moser Baer, GDM, Memorex, and several other entities, seeking declaratory relief and damages for patent infringement and tortious interference.

On November 26, 2008, the Court issued an Order granting Philips' Motion for Judgment on the Pleadings. In that Order, the Court found that GDM and Memorex are not validly licensed under the CLA. The Court dismissed Counts Three and Four of Imation's Complaint and found in favor of Philips on the First Cause of Action of Philips' Amended Answer to Complaint, Counterclaims and Third-Party Complaint.

Imation and Moser Baer now separately request that the Court certify its Order as a final judgment under Rule 54(b). Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). In deciding whether to certify a judgment under Rule 54(b), the Court must determine that the judgment is final and "whether there is any just reason for delay." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). Here, the Court determines that the November 26, 2008 Order represents a final judgment on the claims and counterclaims relating to whether GDM and Memorex are validly licensed under the CLA and that there is no just reason to delay the appeal of the November 26, 2008

Order.[1]  Those claims are contained in Counts Three and Four of the Complaint and the First Cause of Action of Philips' Amended Answer to Complaint, Counterclaims and Third-Party Complaint.

The Court expects that Moser Baer and Imation will "self-expedite" the appeal and file their opening brief ten days after the entry of this order.  (Tr. at 147.)  In addition, the Court encourages Philips to agree to an expedited schedule consistent with its representations.  (Tr. at 126.)

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Imation Corp.'s Motion for Certification Under Rule 54(b) (Doc. No. 223) is **GRANTED**.

2. Moser Baer India Limited's Motion for Certification Under Rule 54(b) as to Memorandum Opinion and Order Dated November 26, 2008 (Doc. No. 227) is **GRANTED**.

Dated:  January 21, 2009            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court

---

[1]  A more detailed explanation of the Court's reasons will follow in a Memorandum Opinion.

4