## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Imation Corporation, a<br>Delaware corporation, | Civil No. 07-3668 (DWF/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| Koninklijke Philips Electronics N.V., a foreign corporation; U.S. Philips Corporation, a New York corporation; and Philips Electronics North America Corporation, a Delaware corporation, | |
| Defendants; | |
| and | |
| Koninklijke Philips Electronics N.V., a foreign corporation; U.S. Philips Corporation, a New York corporation; and Philips Electronics North America Corporation, a Delaware corporation, | |
| Counterclaim and Third-Party-Claim Plaintiffs, | |
| v. | |
| Imation Corp., | |
| Counterclaim Defendant; | |
| and | |
| Moser Baer India Limited; Global Data Media FZ-LLC; MBI International FZ-LLC; MBI International Services Private Limited; MBI India Marketing Private Limited; Glyphics Media Inc.; and Memorex International Products, Inc., | |
| Third-Party Defendants. | |

_____

B. Todd Jones, Esq., Richard M. Martinez, Esq., Jennifer L. McKenna, Esq., Ronald J. Schutz, Esq., Allen A. Slaughter, Jr., Esq., and Amy N. Softich, Esq., Robins Kaplan Miller & Ciresi LLP, counsel for Imation Corp., Glyphics Media Inc., Global Data Media FZ-LLC, MBI India Marketing Private Limited, MBI International FZ-LLC, MBI International Services Private Ltd., and Memorex International, Inc.

Garrard Beeney, Esq., Adam R. Brebner, Esq., Marc De Leeuw, Esq., and Jessica Klein, Esq., Sullivan & Cromwell LLP; and Laura L. Myers, Esq., Kurt J. Niederluecke, Esq., and Darren B. Schwiebert, Esq., Fredrikson & Byron, PA, counsel for Koninklijke Philips Electronics N.V., U.S. Philips Corporation, and Philips Electronics North America Corporation.

Sonya R. Braunschweig, Esq., Alan L. Kildow, Esq., DLA Piper US LLP; and Jeffrey G. Randall, Esq., Albert L. Hogan, III, Esq., and Chuck Ebertin, Esq., Skadden, Arps, Slate, Meagher & Flom; and Jennifer B. Benowitz, Esq., and Justin H. Perl, Esq., Maslon Edelman Borman & Brand, LLP, counsel for Moser Baer India Limited.

_____

**INTRODUCTION**

This matter was before the Court on Imation Corp.'s Motion for Certification Under Rule 54(b) and Moser Baer India Limited's Motion for Certification Under Rule 54(b) as to this Court's Memorandum Opinion and Order dated November 26, 2008 (Doc. No. 204). In an Order dated January 21, 2008, the Court granted both motions. Below is a Memorandum Opinion explaining the Court's reasons for doing so.

**BACKGROUND**

Imation sued Philips for declaratory judgment, seeking an interpretation of its rights under a 1995 Patent Cross-License Agreement for Optical and Magneto-Optical Information Storage and Retrieval Technology (the "CLA") that it was party to along with Philips. Imation sought, in part, a declaration that its subsidiaries (in particular Memorex Products, Inc. ("Memorex") and GDM Data Media FZ-LLC ("GDM")) are

2

properly operating under the CLA.  Philips filed counterclaims against Imation and third-party claims against Moser Baer, GDM, Memorex, and several other entities, seeking declaratory relief and damages for patent infringement and tortious interference.

On November 26, 2008, the Court issued an Order (the "November 26 Order") granting Philips' Motion for Judgment on the Pleadings.  In the November 26 Order, the Court found that GDM and Memorex are not validly licensed under the CLA.  The Court dismissed Counts Three and Four of Imation's Complaint and found in favor of Philips on the First Cause of Action of Philips' Amended Answer to Complaint, Counterclaims and Third-Party Complaint.

Imation and Moser Baer separately requested that the Court certify the November 26 Order as a final judgment under Rule 54(b).  Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  In deciding whether to certify a judgment under Rule 54(b), the Court must determine that the judgment is final and "whether there is any just reason for delay." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980).

The November 26 Order resolved three claims in the present action:  Counts Three and Four of the Complaint and the First Cause of Action of Philips' Amended Answer to Complaint, Counterclaims and Third-Party Complaint.  Count Three of Imation's

3

Complaint sought a declaration that GDM was licensed as a subsidiary under the CLA; Count Four of Imation's Complaint sought a declaration that Memorex was licensed as a subsidiary under the CLA; and Count One of Philip's counterclaims and third-party complaint sought a declaration that GDM and Memorex were not licensed under the CLA. Specifically, in the November 26 Order, the Court found that GDM and Memorex are not properly licensed under the CLA.

There is no dispute that the Court's November 26 Order represents a final judgment on the claims and counterclaim relating to whether GDM and Memorex are licensed under the CLA. The Court therefore addresses whether there is "any just reason for delay." *See, e.g.*, *Curtiss-Wright Corp.*, 446 U.S. at 8. This determination is "left to the sound judicial discretion of the district court." *Id*. In making this determination, the Court must "take into account judicial administrative interests as well as the equities involved." *Id*. Among other things, courts consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*.

The Court concludes that an immediate appeal of the November 26 Order will further judicial administrative interests and promote efficiency. First, the claims adjudicated in the November 26 Order are separable from the remaining claims. All three claims adjudicated in the November 26 Order involved the interpretation of the CLA; specifically, the Court determined that Imation subsidiaries formed or acquired after March 1, 2000, are not licensed under the CLA. The Court's November 26 Order

4

involved an issue of contract interpretation that was purely legal in nature and did not involve extrinsic evidence or any factual determinations with respect to the parties' intent. The remaining claims in the present action do not involve any of the same legal issues of contract interpretation. Instead, the remaining claims are mainly patent claims that involve issues of infringement, patent invalidity, and patent enforceability.[1] There will be minimal or no overlap between the three claims addressed in the November 26 Order and the remaining claims. In the November 26 Order, the Court did not analyze issues relevant to the patent claims, such as the patents themselves, the accused products, or any alleged damage. It follows that there is a very low risk of duplicative appeals.[2]

Further, the November 26 Order adjudicated a central question in this litigation and eliminated a principal defense to Philip's counter-claims. The issues of contract interpretation will affect the course of the patent infringement litigation. The finality offered by appellate review will, at a minimum, define or substantially narrow the issues left to be resolved and possibly facilitate settlement. Appellate resolution of the November 26 Order will also help define, and possibly confine, issues for discovery, dispositive motions, and trial.

---

[1] There are additional non-patent claims remaining in this action. These claims, however, are distinct and separable from the claims adjudicated in the November 26 Order, which involved the interpretation of the interplay between the CLA's grant of license rights and the CLA's expiration clause. None of the unadjudicated claims involve the same issue of contract interpretation.

[2] Because the Court's November 26 Order was based on a purely legal question, further fact discovery or future proceedings before this Court will not alter the record relevant to the claims adjudicated in the November 26 Order.

The Court also concludes that the balance of the equities supports certification. Imation asserts that the November 26 Order will impact the daily operation of Imation, GDM, and Memorex.  In particular, Imation asserts that the November 26 Order may confuse purchasers or potential purchasers of optical media about the status of GDM and Memorex as licensees.  In addition, Imation asserts that the November 26 Order may affect foreign proceedings in India and the Netherlands between the parties that also involve the CLA, patents-in-suit, and accused products.  Moser Baer also asserts that it could suffer substantial economic harm without an immediate appeal because of the likelihood of confusion in the marketplace regarding GDM's status.  Moser Baer asserts that without an immediate appeal, significant questions as to how to conduct its operations in relation to GDM and its subsidiaries will remain and this uncertainty might lead customers of GDM and its subsidiaries to find other sources of optical storage media.  Moser Baer also argues that without certification, Philips would be able to use the November 26 Order as a sword in foreign actions.

Philips, on the other hand, contends that Imation's and Moser Baer's claimed potential harm, absent certification, is speculative and overstated.  For example, Philips asserts that Moser Baer has a provision built into its agreement with GDM that requires GDM to assign its customers back to Moser Baer upon termination of the agreement.  In addition, Philips asserts that Imation's and Moser Baer's concerns about what might occur in foreign litigation is speculative and not grounds for certification.

After considering the equities in light of the status of the case, including not only the potential harm to Imation, GDM, Memorex, and Moser Baer with respect to

uncertainty in their daily operations but also the absence of significant prejudice, in the Court's view, to Philips, the Court concludes that the balance of the equities weighs in favor of certification and immediate appeal. The Court is of the view that this decision will serve judicial administrative interests, promote efficiency, and serve the overall interests of justice. This is particularly true considering the Court's intention to move this case forward by giving it calendar priority and by managing the case so that all pretrial issues are resolved and the case is trial ready once the appeal has been decided. The Court has made no assumptions about when precisely the appeal will be decided, although the Court does expect the parties to self-expedite the matter consistent with the Court's January 21, 2009 Order.

Imation and Moser Baer also move for a stay of enforcement of the final judgment under Fed. R. Civ. P. 62(h). Rule 62(h) provides:

> A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.

Fed. R. Civ. P. 62(h). Imation asserts that a stay is appropriate because the Court's November 26 Order has potentially significant ramifications for Imation's business operations and for the related judicial proceedings in India and the Netherlands. Imation further asserts that a stay will diminish the potential prejudicial impact that may occur if Philips seeks to leverage the November 26 Order by telling purchasers that GDM and Memorex are not licensed under the CLA. Similarly, Moser Baer argues that a stay is appropriate because it will preclude Philips from seeking to enforce the Court's judgment

in a manner that is detrimental to Moser Baer and possibly inconsistent with a final appellate ruling on the status of GDM.

Philips, on the other hand, asserts that there is no merit to Imation's and Moser Baer's request for a stay.  Specifically, Philips contends that the request is inherently nonsensical because the November 26 Order provides declaratory relief, not monetary or injunctive relief.  Philips maintains that what Imation and Moser Baer truly seek is an order enjoining Philips from informing market participants or other tribunals or authorities of the Court's ruling.

The Court concludes that the circumstances before it, including consideration of the interests of justice, do not require or otherwise warrant a stay.

Dated:  February 2, 2009             s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     Judge of United States District Court