## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Imation Corporation, a Delaware corporation, | Civil No. 07-3668 (DWF/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Koninklijke Philips Electronics N.V., a foreign corporation; U.S. Philips Corporation, a New York corporation; and Philips Electronics North America Corporation, a Delaware corporation, | |
| Defendants; | |
| and | |
| Koninklijke Philips Electronics N.V., a foreign corporation; U.S. Philips Corporation, a New York corporation; and Philips Electronics North America Corporation, a Delaware corporation, | |
| Counterclaim and Third-Party-Claim Plaintiffs, | |
| v. | |
| Imation Corp., | |
| Counterclaim Defendant; | |
| and | |
| Moser Baer India Limited; Global Data Media FZ-LLC; MBI International FZ-LLC; MBI International Services Private Limited; MBI India Marketing Private Limited; Glyphics Media Inc.; and Memorex International Products, Inc., | |
| Third-Party Defendants. | |

_____

B. Todd Jones, Esq., Richard M. Martinez, Esq., Jennifer L. McKenna, Esq., Ronald J. Schutz, Esq., Allen A. Slaughter, Jr., Esq., and Amy N. Softich, Esq., Robins Kaplan Miller & Ciresi LLP, counsel for Imation Corp., Glyphics Media Inc., Global Data Media FZ-LLC, MBI India Marketing Private Limited, MBI International FZ-LLC, MBI International Services Private Ltd., and Memorex International, Inc.

Garrard Beeney, Esq., Adam R. Brebner, Esq., Marc De Leeuw, Esq., and Jessica Klein, Esq., Sullivan & Cromwell LLP; and Laura L. Myers, Esq., Kurt J. Niederluecke, Esq., and Darren B. Schwiebert, Esq., Fredrikson & Byron, PA, counsel for Koninklijke Philips Electronics N.V., U.S. Philips Corporation, and Philips Electronics North America Corporation.

Sonya R. Braunschweig, Esq., and Alan L. Kildow, Esq., DLA Piper US LLP; Jeffrey G. Randall, Esq., and Albert L. Hogan, III, Esq., Skadden, Arps, Slate, Meagher & Flom; and Jennifer B. Benowitz, Esq., and Justin H. Perl, Esq., Maslon Edelman Borman & Brand, LLP, counsel for Moser Baer India Limited.

_____

## INTRODUCTION

This matter is before the Court on a Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,952,388 (the "'388 Patent") brought by Moser Baer India Limited ("Moser Baer"). For the reasons stated below, the Court denies the motion.

## BACKGROUND

Imation brought this action for declaratory judgment against Koninklijke Philips Electronics N.V., U.S. Philips Corporation, and Philips Electronics North America Corporation (collectively, "Philips"), seeking an interpretation of its rights under a 1995 Patent Cross-License Agreement for Optical and Magneto-Optical Information Storage

2

and Retrieval Technology (the "CLA") that it was party to along with Philips. Philips filed counterclaims against Imation and third-party claims against Moser Baer, Global Data Media FZ-LLC ("GDM"), Memorex International Products, Inc. ("Memorex"), and several other entities, seeking declaratory relief and damages for patent infringement and tortious interference.

In their Twenty-First Cause of Action, Philips claims that Moser Baer is liable for contributory and/or inducing infringement of at least one claim of the '388 Patent based on Moser Baer's manufacture and sale of discs that allegedly infringe the '388 Patent. (Am. Answer to Compl., Countercls. and Third-Party Compl. ¶¶ 184-88.) Claim 1 of the '388 Patent reads as follows:

> 1. A record carrier of the disc-like optically inscribable type, having a preformed track in which an auxiliary signal comprising a sequence of codes is formed by means of a preformed track modulation, which codes comprise a sequence of address codes (AC) specifying the addresses of the track portions in which said address codes (AC) are recorded and special codes (SC) for specifying control data for controlling a recording by a recording device, wherein the preformed track comprises consecutively from an inner part of the disc:
>
> > a program calibration area (PCA) reserved for recorder calibrating purposes,
> > a program memory area (PMA) for temporarily storing recorded user content data,
> > a lead-in area (LI) for storing definitive recorded user content data,
> > a program area (PA) for recording user data and
> > a lead-out area (LO) for indicating end of the program area,
>
> > wherein said special codes are recorded in the lead-in area and/or the lead-out area,
> > > characterized in that, the preformed track further comprises
> > > an extended area (XAA) preceding the program calibration area (PCA) containing special codes (SC) representing additional control information for controlling a recording by a recording device,

3

> wherein the extended area (XAA) comprises an extended information area (XIA) comprising the additional control information and a buffer area located between the extended information area (XIA) and the program calibration area (PCA) containing only address codes (AC).

(Decl. of Jeffery Randall in Supp. of Moser Baer's Mot. for Summ. J. of Non-Infringement of U.S. Patent No. 6,952,388 ("Randall Decl."), Ex. 1 ('388 Patent) at col. 11, ll: 62-67 – col. 12, ll: 1-28.) Moser Baer asserts that its discs do not infringe any claim of the '388 Patent as a matter of law. Philips asserts that there is an issue of fact concerning the question of whether Moser Baer's discs infringe, or, alternatively, that discovery is necessary to determine whether Moser Baer makes and sells infringing discs.

## DISCUSSION

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the

record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The '388 Patent "relates to a record carrier according to the pre-amble of claim 1." ('388 Patent at col. 1, ll: 6-7.) Moser Baer asserts that Claim 1 is representative of all of the claims of the '388 Patent and that Claim 1 is comprised of three parts—"(i) a portion of the preamble describing a preformed track and codes contained in that track, (ii) a portion of the preamble describing specific areas of discs known and used in the prior art, and (iii) the alleged improvement over the prior art following the transitional phrase 'characterized in that' which describes the contents and location of the newly claimed 'extended area (XAA).'" (Third Party Moser Baer's Mem. in Supp. of its Mot. for Summ. J. of Non-Infringement of U.S. Patent No. 6,952,388 ("Moser Baer Mem. in Supp.") at 2.) Moser Baer further asserts that every claim of the '388 Patent requires that the "record carrier"—or disc—contain a preformed track in "an extended area (XAA) preceding the program calibration area (PCA) containing special codes (SC) representing additional control information for controlling a recording be a recording device." (*Id.*) Philips agrees that all of the asserted claims of the '388 Patent require, in pertinent part, that the extended area (XAA) "contain[s] special codes (SC) representing additional control information for controlling a recording by a recording device" and that the XAA precedes the program calibration area (PCA). (Philips' Opp. to Moser Baer's Mot. for

5

Summ. J. of Non-Infringement of U.S. Patent No. 6,952,388 ("Philips' Opp.") at 5-6; Hearing Tr. at 46.)  Therefore, this motion does not present an issue of claim construction.

In support of the present motion for summary judgment, Moser Baer contends that its compact disc-recordable products, or CD-R products, do not infringe the '388 Patent because they "do not store special codes representing additional control information in an extended area preceding the program calibration area in accordance with the claims of the '388 Patent."  (Moser Baer Mem. in Supp. at 1.)  Instead Moser Baer explains that the parameters that are used to control devices that record information on Moser Baer CD-R discs are derived from information located in the lead-in area.  (*Id*. at 14-15.)

Philips opposes Moser Baer's motion for summary judgment on the grounds that there is a factual dispute with respect to whether or not Moser Baer manufactures and sells infringing discs.  Specifically, Philips asserts that in order to produce CD-R discs that are compatible with CD drives manufactured throughout the world, the CD-R discs must meet the "Orange Book" standard for the operation of CD-R discs.[1]  Philips asserts that it devised a way to add information for controlling high-speed recording onto CD-R discs[2] so that older drives would be compatible with discs recorded at higher speeds. Philips further contends that the innovation required to accomplish the improvement in

---

[1]  The "Orange Book" sets forth technical standards for the operation of recordable optical media, including CD-R discs.  This document is jointly issued by Philips and Sony Corporation.

[2]  The discs that are able to record at high speeds are referred to as "Multi-Speed" CD-R discs.

6

the CD-R discs is embodied in the '388 Patent.  Philips asserts that there is record evidence sufficient to create an issue of fact concerning whether Moser Baer's CD-R discs contain special codes in the area preceding the PCA.  Alternatively, Philips has submitted a declaration, pursuant to Fed. R. Civ. P. 56(f), asserting that Philips cannot respond fully with evidence in opposition to the present motion without additional discovery.  (Decl. of Adam Brebner ("Brebner Decl.") ¶ 1.)

The Court first addresses the Rule 56(f) issue.  Federal Rule of Civil Procedure 56 (f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. P. 56(f).

> To request discovery under Rule 56(f), a party must file an affidavit describing:  (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.

*Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008).  Philips' Rule 56(f) declaration states the following:  In March 2008, Philips propounded a set of document requests on Moser Baer, requesting, among other things, representative samples of all discs made or sold by Moser Baer and documents sufficient to identify which discs made or sold by Moser Baer are "Multi-Speed" discs.  (Brebner Decl. ¶ 19, Ex. I.)  After initially objecting to these requests, Moser Baer agreed to comply.  (*Id.* ¶ 20 & Ex. J.)  As of December 1, 2008, the date that Moser Baer filed its opening brief on the current

motion, Moser Baer had not produced any representative sample of its discs.  On December 3, 2008, counsel for Philips asked whether counsel for Moser Baer could confirm if "Moser Baer made and would be producing representative samples of CD-R Multi-Speed discs" or whether Moser Baer had produced documents sufficient to identify which discs made or sold by Moser Baer are "Multi-Speed."  (*Id*. ¶¶ 24-25 & Ex. L.)  Moser Baer's counsel could not answer Philips' inquiries.  (*Id*.)

On December 5 and 11, 2008, Moser Baer produced five representative examples of twenty-nine discs, indicated that they were "still working on identification issues" with respect to other discs, and noted that it would produce additional samples "as soon as the issues are resolved."[3] (*Id*. ¶ 27 & Exs. M, N.)  In addition, Philips asserts in its declaration that Moser Baer has produced more than 900,000 pages of documents and that the majority of those documents were produced in the weeks after Moser Baer filed the current motion.  (*Id*. ¶ 28.)  Philips asserts that it has not had time to completely review that production (as well as documents produced by other third-party defendants) and in particular, to confirm whether Moser Baer has produced documents sufficient to identify which discs made or sold be Moser Baer are "Multi-Speed."  (*Id*.)  Philips further submits that it has been unable to test the discs that have been recently produced or those not yet produced, to determine whether they infringe the '388 Patent; in particular, to determine whether the discs contain special codes representing additional control information in an extended area preceding the program calibration area.  In addition,

---

[3]    At the hearing on this motion, Philips indicated that Moser Baer produced additional discs in January 2009.  (Tr. at 49.)  Philips maintains that Moser Baer has not produced samples of all discs requested.

8

Philips claims not to have had an opportunity to depose any Moser Baer employees, including the declarant supporting Moser Baer's motion for summary judgment. (*Id*. ¶ 29.)

In response, Moser Baer asserts that its motion is not premature. Moser Baer claims that it filed this motion after noticing that Philips' infringement contentions, which were served on November 11, 2008, made no reference to any specific Moser Baer products. Moser Baer also asserts that Philips could have tested the sample discs produced in December 2008 and that Philips has had ample time to take and review discovery.

The Court concludes that Philips has submitted a well-supported request under Rule 56(f). In particular, Philips has demonstrated that additional discovery is necessary on Philips' claim for infringement of the '388 Patent against Moser Baer. The record demonstrates that the parties have not yet completed relevant discovery and, in particular, that Moser Baer may not have fully responded to outstanding discovery requests relevant to the issue of infringement. Allowing more time for discovery will allow Philips to test the samples received from Moser Baer and to obtain and test the samples that Moser Baer indicated were forthcoming. In addition, if Moser Baer contends that it does not make or sell any "Multi-Speed" CD-R discs, additional time for discovery will allow Philips to test that contention through its review of the numerous documents recently produced and depositions. (Brebner Decl. ¶ 29.) Accordingly, at this stage in the litigation, summary judgment on the issue of infringement of the '388 Patent is premature. The Court

therefore denies Moser Baer's motion without prejudice to bring a motion for summary judgment at a later date.

## CONCLUSION

Based on the files, record, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Moser Baer's Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,952,388 (Doc. No. 215) is **DENIED**.

Dated: February 28, 2009        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court