**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Imation Corporation, a Delaware corporation,

Plaintiff,

Civil No. 07-3668 (DWF/AJB)

v.

**MEMORANDUM OPINION AND ORDER**

Koninklijke Philips Electronics N.V., a foreign corporation; U.S. Philips Corporation, a New York corporation; and Philips Electronics North America Corporation, a Delaware corporation,

Defendants;

and

Koninklijke Philips Electronics N.V., a foreign corporation; U.S. Philips Corporation, a New York corporation; and Philips Electronics North America Corporation, a Delaware corporation,

Counterclaim and Third-Party-Claim Plaintiffs,

v.

Imation Corp.,

Counterclaim Defendant;

and

Moser Baer India Limited; Global Data Media FZ-LLC; MBI International FZ-LLC; MBI International Services Private Limited; MBI India Marketing Private Limited; Glyphics Media Inc.; and Memorex International Products, Inc.,

Third-Party Defendants.

---

B. Todd Jones, Esq., Richard M. Martinez, Esq., Jennifer L. McKenna, Esq., Ronald J. Schutz, Esq., Allen A. Slaughter, Jr., Esq., and Amy N. Softich, Esq., Robins Kaplan Miller & Ciresi LLP, counsel for Imation Corp., Glyphics Media Inc., Global Data Media FZ-LLC, MBI India Marketing Private Limited, MBI International FZ-LLC, MBI International Services Private Ltd., and Memorex International, Inc.

Garrard Beeney, Esq., Adam R. Brebner, Esq., Marc De Leeuw, Esq., and Jessica Klein, Esq., Sullivan & Cromwell LLP; and Laura L. Myers, Esq., Kurt J. Niederluecke, Esq., and Darren B. Schwiebert, Esq., Fredrikson & Byron, PA, counsel for Koninklijke Philips Electronics N.V., U.S. Philips Corporation, and Philips Electronics North America Corporation.

Sonya R. Braunschweig, Esq., Alan L. Kildow, Esq., DLA Piper US LLP; Jeffrey G. Randall, Esq., Albert L. Hogan, III, Esq., and Chuck Ebertin, Esq., Skadden, Arps, Slate, Meagher & Flom; and Jennifer B. Benowitz, Esq., and Justin H. Perl, Esq., Maslon Edelman Borman & Brand, LLP, counsel for Moser Baer India Limited.

---

## INTRODUCTION

This matter is before the Court on a Motion for Partial Summary Judgment Regarding Priority for U.S. Patent No. 5,418,764 (the "'764 Patent") brought by Moser Baer India Limited ("Moser Baer"). For the reasons stated below, the Court denies the motion.

## BACKGROUND

Imation brought this action for declaratory judgment against Koninklijke Philips Electronics N.V., U.S. Philips Corporation, and Philips Electronics North America Corporation (collectively, "Philips"), seeking an interpretation of its rights under a 1995 Patent Cross-License Agreement for Optical and Magneto-Optical Information Storage and Retrieval Technology (the "CLA") that Imation was party to along with Philips. Philips filed counterclaims against Imation and third-party claims against Moser Baer,

Global Data Media FZ-LLC (“GDM”), Memorex International Products, Inc. (“Memorex”), and several other entities, seeking declaratory relief and damages for patent infringement and tortious interference. In their nineteenth cause of action, Philips alleges that Moser Baer is liable for contributory and/or inducing infringement of at least one claim of the ’764 Patent. (Am. Answer to Compl., Countercls. and Third-Party Compl. ¶¶ 174-78.) Moser Baer has asserted several affirmative defenses, including a defense that the ’764 Patent is invalid. Moser Baer moves for partial summary judgment that the ’764 Patent cannot claim priority to U.S. Patent Nos. 4,901,300 (the “’300 Patent”) and 5,060,219 (the “’219 Patent”) because Philips did not comply with the statutory requirements of 35 U.S.C. §120.

On May 8, 1989, Philips filed a patent application in the Netherlands (Decl. of Jeffery G. Randall in Supp. of Third-Party Defendant Moser Baer’s Mot. for Partial Summ. J. re Priority Date of U.S. Patent No. 5,418,764 (“Randall Decl.”) ¶ 2, Ex. 1.) On December 20, 1989, Philips filed U.S. patent application number 07/453,545 (the “’545 application”) in the United States. (*Id*. ¶ 3, Ex. 2.) The ’545 application claimed priority to the Netherlands application, but did not claim priority to any other pending United States or foreign applications. (*Id*. ¶¶ 3, 4, Exs. 2, 3.) The ’545 application was not amended to claim priority to any other application before it was abandoned in November 1992.

On May 4, 1990, Philips filed U.S. patent application number 07/518,883 (the “’883 application”). (*Id*. ¶ 5, Ex. 4.) The ’883 application claimed priority to the ’545 application. (*Id*. ¶ 6, Ex. 5.) The ’883 application did not claim priority to any other

pending U.S. applications; nor was it amended to claim priority to any other application before it was abandoned in June 1993.

On March 31, 1993, Philips filed U.S. patent application number 08/041,141 (the "'141 application"). (*Id*. ¶ 8, Ex. 7.) The '141 application claimed priority to the '883 application as a continuation of the '883 application. (*Id*. ¶ 9, Ex. 8.) In June 1993, the '883 application was abandoned. (*Id*. ¶ 10, Ex. 9.) On May 23, 1995, the '764 patent issued from the '141 application. (*Id*. ¶ 11, Ex. 10.)

During the prosecution of the '141 application, the United States Patent and Trademark Office ("PTO") initially rejected several pending claims of the '141 application as anticipated or obvious in light of prior art. (*Id*. ¶ 12, Ex. 11.) Specifically, in the rejection, the PTO cited the '219 Patent. As of the date of the PTO's rejection, Philips had abandoned both the '545 and the '883 applications, neither of which had been amended to claim priority to any patent applications related to the '300 Patent or the '219 Patent.

On November 17, 1993, Philips amended the '141 application to claim priority through the '883 application and the '545 application to the applications that led to the issuance of the '219 Patent and the '300 Patent. Philips' amendment reads, in relevant part:

> CROSS REFERENCE TO RELATED APPLICATIONS
> This is a continuation of Application Serial No. 07/518,883, filed May 4, 1990 and now abandoned, which was a continuation-in-part of Application Serial No. 07/287,941, filed December 20, 1998 and issued as U.S. patent No. 5,060,219 on October 22, 1991, and Application Serial No. 07/453,545, filed December 20, 1989 and now abandoned, the latter of which was a continuation-in-part of Application Serial No. 265,638, filed November 1, 1988 and issued as U.S. patent No. 4,901,300 on February 13, 1990.

(*Id.* ¶ 13, Ex. 12.) The ’300 Patent issued on February 13, 1990. The ’219 Patent issued on October 22, 1991.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, as the United States Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 323. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

Moser Baer claims the ’764 Patent is not entitled to the priority date of the ’300 Patent or the ’219 Patent. Specifically, Moser Baer asserts that pursuant to 35 U.S.C. § 120 and Patent Office Rule 78(a), each application in a chain of priority must make a

specific reference to the earlier filed application. Moser Baer further asserts that it was improper for Philips to claim that the ’764 Patent was entitled to the priority date of the ’300 Patent and the ’219 Patent because Philips claimed such priority through two intermediate patent applications (the ’883 and ’545 applications) that did not specifically reference the ’300 Patent and/or the ’219 Patent. Moser Baer asserts that the chain of priority was interrupted because there is no specific reference in the ’883 and ’545 applications to the earlier patent applications that led to the issuance of the ’300 Patent or the ’219 Patent. Based on the above contentions, Moser Baer claims that it is entitled to a declaration that the ’764 Patent is not entitled to the priority date of the ’300 Patent or the ’219 Patent.

In its opposition, Philips does not address the legal merits of Moser Baer’s motion.[1] Instead, Philips argues that Moser Baer’s motion is improper under the Federal Rules because Moser Baer has not demonstrated how the issue of priority is relevant to this lawsuit.[2] In addition, Philips asserts that Moser Baer’s motion is improper because it seeks to obtain judgment on a portion of a claim. Philips further represents that it “is not claiming in this litigation that the ’764 Patent is entitled to a priority date based on the dates of the ’300 or ’219 applications (or otherwise claiming priority to those patents).” (Decl. of Marc De Leeuw (“De Leeuw Decl.”) ¶ 2, Ex. A.) Philips has also offered to enter into a stipulation reflecting its representation that it is not claiming priority to the

---

1 At the hearing on the motion, counsel for Philips recognized that “there is a significant legal issue about the priority date” of the ’764 Patent; but also that Philips has a reasonable legal argument about the chain of priority. (Tr. at 25-26; 30.)

2 In particular, Philips asserts that Moser Baer does not, and could not, seek to invalidate the ’764 Patent by its motion.

’300 or ’219 Patents. Philips asserts that there is no reason for the Court to rule on the merits of the present motion in light of its representation that it is not claiming priority.

Moser Baer contends that Philips’ representation does not obviate the need to rule on the present motion. Moser Baer asserts that Philips had no basis for representing to the PTO, and no basis to represent to others, that the ’764 Patent claims priority to the ’300 Patent and ’219 Patent. Moreover, Moser Baer asserts that it would be unfair to deny it a full and fair opportunity to litigate the issue now.

The Court finds at this time that Moser Baer has not met its burden of showing the materiality of the issue of priority. In particular, there has been no showing that the issue of priority is material to any of the claims in this action. Moser Baer asserts generally that the question of whether the ’764 can claim priority is material to the issue of invalidity. However, Moser Baer does not seek to invalidate the ’764 Patent by the present motion and therefore the issue of the ’764 Patent’s validity is not before the Court. Counsel for Moser Baer indicated that Moser Baer would, in the future, be filing a motion for summary judgment on invalidity but has not demonstrated how the issue of priority, as it is presented in this motion, will be material to any such future motion. The Court declines to speculate or otherwise make assumptions as to how the issue of priority may or may not play out in any such future motion, especially given the procedural history of this case and the context in which this motion is brought.[3]

[3] It is significant to note that in a December 29, 2008 letter to the Court, Imation indicated that it did not join Moser Baer’s present motion because Philips represented both that it will not claim priority to the ’300 and the ’219 patents and that it will enter into a stipulation stating the same.

Moser Baer also suggests that the issue of priority is material because a favorable ruling on its motion would prevent Philips from representing to others and in other litigation that the ’764 Patent is entitled to the earlier priority dates of the ’219 Patent and the ’300 Patent; and that Philips’ representation that it will not claim priority in this case does nothing to resolve the issue of the ’764 Patent’s improper claim of priority. The Court is concerned that the present motion is motivated by something more than an attempt to determine how the issue of priority affects a claim in this action. Moser Baer appears to seek what would be a mere advisory opinion of this Court. The power of this Court on a motion for summary judgment, however, is limited to determining the existence of genuine issues of *material* fact as they relate to claims before the Court. At this time, Moser Baer has not made a showing that the issue of priority is material to a claim before this Court. Moser Baer has indicated that it intends to file a motion for summary judgment on invalidity in the future. That would be an appropriate time to raise the issue of priority.[4] Because there has not been a sufficient showing of materiality on the issue of priority, the Court denies Moser Baer’s motion for summary judgment without prejudice to bring a future motion addressing the issue.[5]

---

[4] The Court in no way suggests that the issue of priority does, or does not, affect the validity of the ’764 Patent in this case. That issue is simply not before the Court.

[5] The Court recognizes the line of cases in this district holding that summary judgment under Rule 56 cannot be had as to one portion of a claim. *See, e.g.*, *Heidi Ott A.G. v. Target Corp.*, 153 F. Supp. 2d 1055, 1077 (D. Minn. 2001); *Biopolymer Eng’g, Inc. v. Immunocorp*, Civ. No. 05-536, 2007 WL 627859, * 4 (D. Minn. Feb. 27, 2007). This Order does not speak to the question of whether it is ever appropriate to enter summary judgment on a portion of a claim; but rather, the holding today speaks to Moser Baer’s failure to establish the materiality of the issue of priority.

## CONCLUSION

Based on the files, record, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Moser Baer's Motion for Partial Summary Judgment re Priority for U.S. Patent No. 5,418,764 (Doc. No. 210) is **DENIED**.

Dated: March 11, 2009            s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             Judge of United States District Court