# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Imation Corporation, a Delaware corporation, | Civil No. 07-3668 (DWF/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Koninklijke Philips Electronics N.V., a foreign corporation; U.S. Philips Corporation, a New York corporation; and Philips Electronics North America Corporation, a Delaware corporation, | |
| Defendants; | |
| Koninklijke Philips Electronics N.V., a foreign corporation; U.S. Philips Corporation, a New York corporation; and Philips Electronics North America Corporation, a Delaware corporation, | |
| Counterclaim and Third-Party-Claim Plaintiffs, | |
| v. | |
| Imation Corp., | |
| Counterclaim Defendant; | |
| and | |
| Moser Baer India Limited; Global Data Media FZ-LLC; MBI International FZ-LLC; MBI International Services Private Limited; MBI India Marketing Private Limited; Glyphics Media Inc.; and Memorex International Products, Inc., | |
| Third-Party Defendants. | |

_____

B. Todd Jones, Esq., Richard M. Martinez, Esq., Jennifer L. McKenna, Esq., Ronald J. Schutz, Esq., Allen A. Slaughter, Jr., Esq., Andrea L. Gothing, Esq., and Loren L. Hansen, Esq., Robins Kaplan Miller & Ciresi LLP, counsel for Imation Corp., Glyphics Media Inc., Global Data Media FZ-LLC, MBI India Marketing Private Limited, MBI International FZ-LLC, MBI International Services Private Ltd., and Memorex International, Inc.

Garrard Beeney, Esq., Adam R. Brebner, Esq., Marc De Leeuw, Esq., Jessica Klein, Esq., David R. Dehoney, Esq., and Tamara Kagan, Esq., Sullivan & Cromwell LLP; and Laura L. Myers, Esq., Kurt J. Niederluecke, Esq., and Darren B. Schwiebert, Esq., Fredrikson & Byron, PA, counsel for Koninklijke Philips Electronics N.V., U.S. Philips Corporation, and Philips Electronics North America Corporation.

Sonya R. Braunschweig, Esq., Alan L. Kildow, Esq., DLA Piper US LLP; and Jeffrey G. Randall, Esq., Albert L. Hogan, III, Esq., Chuck Ebertin, Esq., Allan M. Soobert, Esq., Bernard Shek, Esq., and Jeffrey Pade, Esq., Skadden, Arps, Slate, Meagher & Flom; and Jennifer B. Benowitz, Esq., and Justin H. Perl, Esq., Maslon Edelman Borman & Brand, LLP, counsel for Moser Baer India Limited.

_____

**INTRODUCTION**

This matter is before the Court on Moser Baer's Expedited Motion for Stay of Orders Requiring Production of Privileged Communications. For the reasons set forth below, the Court denies Moser Baer's motion.

**BACKGROUND**

On March 20, 2009, Magistrate Judge Arthur J. Boylan determined, after an *in camera* review, that "Moser Baer must produce to Philips **Documents 1-4** of its 'First Privilege Log' by reason that said documents relate to the court-ordered subject matter privilege waiver." (Doc. No. 351 at 1 (emphasis in original).) The scope of the subject matter privilege waiver was addressed in two previous orders dated August 7, 2008 and November 20, 2008. In the August 7, 2008 Order, Magistrate Judge Boylan held that

2

"Moser Baer voluntarily waived the privilege of [a November 2002 e-mail] and shall produce to Philips any privileged documents regarding the status of cross-licensing benefits available to Imation for the CDR disks supplied by Moser Baer." (Doc. No. 173 at 1.) In the November 20, 2008 Order, Magistrate Judge Boylan again held that "the proper subject matter privilege waiver (as asserted by Philips) requires Moser Baer to reasonably search for and produce to Philips any privileged documents regarding the status of cross-licensing benefits available to Imation for the CD-R disks supplied by Moser Baer, which may include documents listed in Moser Baer's first privilege log." (Doc. No. 201 at 2.) Moser Baer did not object to or appeal either the August 7, 2008 or November 20, 2008 Order. Magistrate Judge Boylan then determined, in the March 20, 2009 Order, that Documents 1-4 of Moser Baer's First Privilege Log relate to the court-ordered subject matter privilege waiver and must be produced.

Moser Baer appealed the March 20, 2009 Order. On May 15, 2009, after conducting a separate *in camera* review, the Court determined that the four disputed documents relate to the subject matter privilege waiver and thus affirmed Magistrate Judge Boylan's March 20, 2009 Order in all respects. (Doc. No. 414.) Moser Baer now represents that it intends to file a petition seeking a writ of mandamus from the Federal Circuit to prevent disclosure of the disputed documents. Currently before the Court is a motion to stay, by which Moser Baer seeks a stay of the aforementioned discovery orders insofar as they require Moser Baer to produce the disputed documents.

3

**DISCUSSION**

When deciding whether to issue a stay, the Court considers (1) whether Moser Baer has made a strong showing of a likelihood of success on the merits; (2) whether Moser Baer will be irreparably harmed absent a stay; (3) whether the issuance of the stay will substantially injure other parties; and (4) the public interest. *See Rife v. Ashcroft*, 374 F.3d 606, 615 n.3 (8th Cir. 2004). Moser Baer asserts that the production of the privileged communications will cause it irreparable harm and defeat the purpose of further review. In addition, Moser Baer asserts that there is a substantial likelihood that its petition for a writ of mandamus will be granted, that granting a stay will not harm Philips, and that a stay would serve the public interest.

With respect to its assertion that it is likely to succeed on the merits of its petition for a writ of mandamus, Moser Baer argues that the four disputed documents do not address the same subject matter as the waiver. In particular, Moser Baer asserts that Magistrate Judge Boylan and this Court applied the privilege waiver in a manner that extends it beyond the subject matter of the disclosed e-mail. In support of its position, Moser Baer points primarily to the August 2008 Order. In that Order, Magistrate Judge Boylan explained that "the Court is not persuaded . . . that the proper subject matter of the email is the alleged efforts by Moser Baer and Imation to use the CLA to avoid paying royalties to Philips" and went on to hold "that Moser Baer shall produce to Philips any privileged communications in its possession regarding cross-licensing benefits available to Imation for the CDR disks supplied by Moser Baer." (Doc. No. 173 at 8.) Moser Baer asserts that the four disputed documents do not fall within the

scope of the waiver because they address actual and potential business arrangements between Moser Baer and Imation and their treatment under the CLA and Moser Baer's licenses with Philips.  While the Court recognizes that the disputed documents address a range of issues, including business arrangements between Moser Baer and Imation, the documents clearly relate to the subject matter of cross-licensing benefits available to Imation for the CDR disks supplied by Moser Baer.  This same conclusion was reached by Magistrate Judge Boylan and affirmed by this Court.  Moser Baer has not demonstrated a likelihood of success on the merits of its petition for a writ.

The Court recognizes that there may be circumstances where a party's irreparable harm in producing privileged documents could be so great that it would warrant a stay pending a party's petition for a writ of mandamus, despite the lack of a showing of a likelihood of success on the merits.  This case, however, does not present such circumstances.  As noted above, the issue of Moser Baer's waiver of the attorney-client privilege on the subject of "cross-licensing benefits available to Imation for the CDR disks supplied by Moser Baer" was first addressed in August 2008.  Magistrate Judge Boylan issued orders regarding the scope of waiver in August and November 2008.  Moser Baer did not object to or appeal either of those orders.  Moser Baer's current contention that it will be irreparably harmed by the production of privileged documents that relate to "cross-licensing benefits available to Imation for the CDR disks supplied by Moser Baer" is belied by its decision not to appeal either the August or November

2008 Orders.[1] In addition, the Court notes that there is a protective order in this case which will limit the dissemination of any documents appropriately designated "Attorneys' Eyes Only."

Finally, the Court notes that in August 2008, Magistrate Judge Boylan ordered Moser Baer to produce documents covered by the waiver. Many months have passed since that initial order. Further delay of their production would harm Philips and potentially delay discovery and the proceedings in this action.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Moser Baer's Motion for Stay (Doc. No. 415) is **DENIED**.

2. Philips' Motion for Leave to File a Supplemental Response (Doc. No. 450) is **GRANTED**.

Dated: June 22, 2009          s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       Judge of United States District Court

---

[1] Philips filed a Motion for Leave to File a Supplemental Response to alert the Court to new facts that it claims support its opposition to Moser Baer's motion to stay. The Court grants that motion. Philips points out that Moser Baer has not filed a petition for a writ of mandamus, despite its representations on May 18, 2009 that it would do so within ten days. Philips argues that this failure discredits Moser Baer's assertion that it will suffer irreparable harm. Moser Baer asserts that it has not filed its petition pending this Court's decision on the motion to stay in order to avoid a "procedural quagmire." The Court agrees that Moser Baer's failure to file its petition for a writ of mandamus, while not dispositive on the issue, weighs against a finding of irreparable harm. Regardless, the Court would have denied Moser Baer's motion to stay even if it had filed its petition.